UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON, | No. 2:16-cv-02436-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| KHALED MOHAMED ALNAGAR, | |
| Defendant. | |

This matter is before the court on plaintiff's motion for discovery. ECF No. 22. Defendant filed an opposition (ECF No. 23), and plaintiff filed a reply (ECF No. 24). Upon review of the record, the court determined no hearing was necessary and plaintiff's motion was submitted on the papers. ECF No. 25. Plaintiff's motion is DENIED as MOOT and the parties will each bear their own fees and costs.

**I.      Relevant Background**

Plaintiff is a California resident with physical disabilities. ECF No. 1 at 1. Plaintiff alleges that defendant is the owner of a business known as M&M Market located at or about 1804 E 8th St., Stockton, California. Id. at 2. Plaintiff is suing defendant under the Americans with Disabilities Act (42 U.S.C. section 12101, et seq.) and the Unruh Civil Rights Act (Cal. Civ. Code § 51-53). Id. at 7-10. This case was referred to the Voluntary Dispute Resolution Panel ("VDRP") on May 30, 2017. ECF No. 19.

1

## II. Motion

On October 20, 2017, plaintiff brought a motion to compel initial responses for requests for production, initial responses to interrogatories, and for sanctions pursuant to Federal Rule of Civil Procedure 37. ECF No. 22. Plaintiff alleges that he served discovery on defendant on August 31, 2017. ECF No. 22-1 at 2. On October 9, 2017, having received no response, plaintiff alleges he attempted to meet and confer by sending defense counsel a letter urging defendant to respond to the discovery requests immediately or contact plaintiff's counsel within 10 days to arrange a telephonic meet and confer. Id. Hearing nothing from defense counsel, plaintiff filed his motion to compel on October 20, 2017. ECF No. 22.

Defendant responded to all discovery requests on October 27, 2017. ECF No. 23 at 1. Plaintiff acknowledges this production and concedes the production renders his motion moot. ECF No. 24 at 2. Nonetheless, plaintiff asserts he is entitled to $1,600 in attorney's fees and sanctions for drafting the motion to compel, pursuant to Fed. R. Civ. P. 37(a)(5)(A). Id.

## III. Analysis

The parties agree that the motion to compel is moot, with the exception of the issue of plaintiff's entitlement to fees and sanctions. ECF No. 24 at 2. When a discovery motion is brought before the court, the court is required to award attorneys' fees and costs in certain circumstances:

> "[i]f the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Here, the first exception to Rule 37 awards applies, and no fee award or sanctions will issue. Plaintiff's meet and confer effort, which consisted of sending a single letter, was minimal. ECF No. 22-2. The fact that defendant fully complied with the discovery requests shortly after plaintiff's motion was filed indicates that the meet and confer efforts were inadequate. The single letter, without so much as a follow-up phone call, does not constitute a good faith attempt to resolve this discovery dispute before resorting to a motion. Compare, <u>Tracfone Wireless, Inc. v. California Prod. Int'l, Inc.</u>, No. CV 08-01877-SGL(SSX), 2008 WL 11343018, at *2 (C.D. Cal. Dec. 3, 2008) (awarding sanctions where "according to Plaintiff's counsel, despite phone calls, faxes, e-mails and letters, Defendants failed completely to respond to Plaintiff's discovery requests."). Pursuant to Fed. R. Civ. P. 35(a)(5)(A)(i), no attorneys' fees or sanctions will be awarded.

**IV.  Conclusion**

For the reasons explained above, plaintiffs' motion is DENIED as MOOT and the parties will bear their own costs and fees.

IT IS SO ORDERED.

DATED: December 4, 2017

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE